# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Wilbert Knight,<br>    Plaintiff,<br>v.<br>Reubart, et al.,<br>    Defendants. | Case No. 2:24-cv-01842-GMN-NJK<br>**ORDER**<br>[Docket No. 10] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 10.

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Nonetheless, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015).[1] When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff submits that he has been diagnosed as "legally blind and unable to perform basic daily activities due to his disability." Docket No. 10 at 1. Plaintiff further submits that he "requires assistance from prison staff, as well as multiple inmates" to carry out the basic functions of his day-to-day life. *Id*.

---

[1] "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020).

1

In the circumstances of this case, the Court therefore finds that exceptional circumstances exist for the purpose of Plaintiff's motion for appointment of counsel. This case is referred to the Pro Bono Program adopted in the Third Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Plaintiff. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly,

IT IS ORDERED that Plaintiff's motion for appointment of counsel is **GRANTED**. Docket No. 10.

IT IS FURTHER ORDERED that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

IT IS FURTHER ORDERED that the Clerk shall forward this order to the Pro Bono Liaison.

IT IS SO ORDERED.

Dated: September 25, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge