**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILBERT KNIGHT, | Case No. 2:24-cv-01842-GMN-NJK |
| Plaintiff, | ORDER GRANTING |
| v. | **STIPULATION FOR EXTENSION TO THE DISPOSITIVE MOTION DEADLINE** |
| REUBART, *et al.*, | **(FIRST REQUEST)** |
| Defendants. | |

Plaintiff, Wilbert Knight, *pro se*, and Defendants James Dzurenda, Nowell Granados, William Reubart, Rochelle Ross, and Kenneth Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully submit the following Stipulation to extend dispositive deadlines.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PROCEDURAL HISTORY**

This is a *pro se* civil rights lawsuit under 42 U.S.C. § 1983 brought by Wilbert Knight (Knight).

On September 25, 2025, the Court issued an Order granting Plaintiff's request for counsel as Plaintiff submits that he is unable to litigate his claim due to eyesight issues.

Page 1 of 3

ECF No. 12. At this time, counsel has not yet been found for Plaintiff. On May 28, 2026, Knight filed a motion to stay the court pending appointment of counsel. Defendants, after reviewing this motion, scheduled a meet and confer with Knight to discuss the upcoming dispositive motion deadlines. Parties conducted this meet and confer on July 9, 2026. During this meet and confer, Parties agreed to a ninety (90) day extension to the current dispositive deadline to allow additional time for Knight to find counsel.

II.    **LEGAL STANDARD**

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court . . . must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court . . . are effective until approved by the court. LR 7-1(b).

III.    **ARGUMENT**

Parties have agreed to a ninety (90) day extension of the dispositive motion deadline. Parties contend good cause exists as Knight believes he is unable to litigate dispositive motions absent counsel being found in the case. Parties discussed that there is no guarantee that counsel will be found as the appointment has been pending for some

time, but parties believe this extension will provide more time for *pro se* counsel to be found or for Knight to find an alternative avenue to litigating his claim.

**IV.    PROPOSED DEADLINE**

- Current Dispositive Motion Deadline: July 13, 2026.
- Proposed Dispositive Motion Deadline: October 11, 2026

DATED this 10th day of July, 2026.    DATED this 10th day of July, 2026.

By: /s/ _____    By: /s/ John Regalia _____
Wilbert Knight, # 1221969    JOHN REGALIA (Bar No. 16969)
*Plaintiff, Pro Se*    Deputy Attorney General
    *Attorneys for Defendants*

ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: July 13, 2026 _____