# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WILBERT KNIGHT,

     Plaintiff,

v.

REUBART, et al.,

     Defendants.

Case No. 2:24-cv-01842-GMN-NJK

**Order**

[Docket No. 27]

Pending before the Court is Plaintiff's motion for status check.  Docket No. 27.[1]

A litigant does not have a constitutional right to counsel to pursue civil rights claims.  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  To be clear, the Court does not "appoint" counsel in civil cases.  The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants."  *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

In the instant motion, Plaintiff asks for a status check regarding an attorney and some motions he filed.  *See id.* at 1.  To date, an attorney has not been found to represent Plaintiff.  Plaintiff will be notified when any action is taken in his case, including the rulings on motions.  *See* Docket No. 2 at 2.

Accordingly, the Court **DENIES** Plaintiff's motion for status check.  Docket No. 27.

IT IS SO ORDERED.

Dated: July 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).